UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON W. ARMSTRONG,

                        Plaintiff,

                                                        Case # 17-CV-6067-FPG

v.

                                                        DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

## INTRODUCTION

       Jason W. Armstrong brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

       Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## BACKGROUND

       On March 15, 2012, Armstrong protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 165-70. He alleged disability since January 1, 2012 due to scoliosis, high blood pressure, asthma, posttraumatic stress disorder, anxiety, panic disorder, depression, and substance abuse. Tr. 180. On February 14, 2013, Armstrong and a vocational expert ("VE") testified via videoconference before Administrative Law Judge William M. Manico ("the ALJ"). Tr. 36-82. On April 22, 2013, the ALJ issued a decision finding that Armstrong was

---

[1] References to "Tr." are to the administrative record in this matter.

not disabled within the meaning of the Act. Tr. 11-32. On January 7, 2015, the Appeals Council denied Armstrong's request for review. Tr. 1-6. Armstrong appealed to this Court and his case was remanded by stipulation to the Commissioner for further administrative proceedings. *See Armstrong v. Colvin*, 15-CV-6127-FPG, ECF Nos. 9, 10.

On July 26, 2016, Armstrong and a VE testified at a second hearing via videoconference before the ALJ. Tr. 1023-56. On November 29, 2016, the ALJ issued a decision finding that Armstrong was not disabled within the meaning of the Act. Tr. 990-1017. This became the Commissioner's final decision because the Appeals Council did not assume jurisdiction of the case. *See* 20 C.F.R. § 416.1484 (a) (in cases remanded from district court for further proceedings, the ALJ's decision becomes the Commissioner's final decision unless it assumes jurisdiction). Thereafter, Armstrong commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks

omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot,

the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ's decision analyzed Armstrong's claim for benefits under the process described above. At step one, the ALJ found that Armstrong had not engaged in substantial gainful activity since the application date. Tr. 992. At step two, the ALJ found that Armstrong has the following severe impairments: mild scoliosis, polysubstance abuse, and affective, anxiety, and personality disorders. Tr. 992-97. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 997-1000.

Next, the ALJ determined that Armstrong retains the RFC to perform light work[2] with additional limitations. Tr. 1000-16. Specifically, the ALJ found that Armstrong can walk for 15 minutes before he must stand or sit; can occasionally climb ramps and stairs, and balance, stoop, kneel, crouch, and crawl; and cannot climb ladders, ropes, or scaffolds. Tr. 1000. The ALJ also determined that Armstrong can perform unskilled work with a regular break appropriately every

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

4

two hours, and can occasionally interact with others but cannot interact with the public or large crowds. *Id.*

At step four, the ALJ indicated that Armstrong has no past relevant work. Tr. 1016. At step five, the ALJ relied on the VE's testimony and found that Armstrong can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 1016-17. Specifically, the VE testified that Armstrong can work as a mail clerk, cleaner, and cafeteria attendant. Tr. 1017. Accordingly, the ALJ concluded that Armstrong was not "disabled" under the Act. *Id.*

## II.  Analysis

Armstrong argues that remand is required because the ALJ improperly weighed the opinion of consultative psychiatrist Christine Ransom, Ph.D. ECF No. 12-1 at 25-30. Specifically, Armstrong asserts that the ALJ erred when he afforded "significant weight" to Dr. Ransom's opinion but failed to adopt all of its limitations or explain why he rejected certain limitations. The Court agrees.

An ALJ must "evaluate every medical opinion [he] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998); *see* 20 C.F.R. § 416.927(c). An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Thus, when

5

an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citation omitted).

Dr. Ransom opined that Armstrong has moderate difficulty following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration for simple tasks, maintaining a regular schedule, and learning simple new tasks. Tr. 321. She also opined that Armstrong has moderate to marked difficulty performing complex tasks, relating adequately to others, and appropriately dealing with stress. *Id.*

The ALJ summarized Dr. Ransom's examination findings and opinion and afforded it "significant weight." Tr. 1003, 1012-13. Specifically, the ALJ found that the record evidence and Armstrong's daily activities supported Dr. Ransom's opinion. Tr. 1012. The ALJ concluded that Armstrong's activities "do not support a disability finding, which is consistent with Dr. Ransom's mental exam findings that reflect [that Armstrong] experiences some restrictions, but is capable of many functional criteria." *Id.*

The Appeals Council remand order in this case specifically directed the ALJ to give further consideration to Dr. Ransom's opinion and to "*explain* the weight given to such opinion." Tr. 1060 (emphasis added). While the RFC finding that Armstrong can interact with others occasionally and cannot interact with the public or large crowds is consistent with Dr. Ransom's opinion, the ALJ should have explained how the RFC accommodated Dr. Ransom's other restrictions and why he rejected additional limitations. First, despite Dr. Ransom's opinion that Armstrong was moderately limited in several other areas, the ALJ found that he could perform unskilled work. Tr. 1000. Unskilled work requires the ability to understand, remember, and carry out simple instructions. *See* S.S.R. 96-9p, 1996 WL 374185, at *9 (S.S.A. July 2, 1996). Dr.

6

Ransom opined, however, that Armstrong has moderate difficulty in these areas. Tr. 321. Second, Dr. Ransom also opined that Armstrong has moderate difficulty performing tasks independently, maintaining attention and concentration for simple tasks, maintaining a regular schedule, and learning simple new tasks. Tr. 321. Finally, the ALJ ignored Dr. Ransom's opinion that Armstrong has moderate to marked difficulty dealing with stress. Tr. 321, 1000. Although Dr. Ransom's finding of "moderate" limitations does not automatically render Armstrong disabled, the ALJ should have explained how the RFC accommodated these restrictions and why he rejected additional limitations. *Id.*

The ALJ's failure to reconcile the RFC assessment with Dr. Ransom's opinion is compounded by the fact that Dr. Ransom's opinion was nearly four and a half years old when the ALJ issued his decision and the record indicates that Armstrong continued to receive mental health treatment during this time.[3] *See, e.g.*, *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) ("[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding."). On remand, the Court directs the ALJ to obtain an updated medical opinion from Armstrong's treating sources or to order another consultative psychiatric examination.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124

---

[3] The medical record contains a more recent mental functioning opinion from social worker Kelly Murrell dated August 8, 2016. Tr. 1645-50. Ms. Murrell opined that Armstrong was significantly limited in several areas and concluded that he could not complete a normal workday and workweek without interruptions from psychologically based symptoms. *Id.* Even though this was a much more current assessment of Armstrong's ability to perform mental work-related functions, the ALJ rejected this opinion. Tr. 1014-15.

(2d Cir. 2000). On remand, the Court directs the ALJ to obtain an updated medical opinion from Plaintiff's treating sources or to order another consultative psychiatric examination. Because Plaintiff filed his application nearly six years ago, the Court also directs the Commissioner to expedite the remand and review of this matter. The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: February 8, 2018
       Rochester, New York

                                                 HON. FRANK P. GERACI, JR.
                                                 Chief Judge
                                                 United States District Court